### ROBINSON v. MORGAN.

The requirement of the recognizance provided by law (Gen. St., c. 231, s. 12), in a case where the defendant in landlord process pleads title, does not estop the plaintiff, in such process, to deny the existence of the defendant's tenancy or to assert his own right of possession.

TRESPASS *qu. cl.*   The alleged acts of trespass were admitted, under claim of right.

The plaintiff being in possession of a part of a farm under claim of title, the defendant took possession of the whole farm under a judgment of foreclosure against the plaintiff, and brought a landlord process against him, describing the whole farm in his declaration. In that proceeding this plaintiff pleaded title, and recognized according to the provisions of the law (Gen. St. c. 231, s. 12) requiring the recognizance as security for rent and damages for the plaintiff in the process, if he recovers.   The plaintiff now claims that the defendant is estopped, by his landlord process compelling the plain-

tiff to recognize for the payment of rent, to deny that the plaintiff, during the pendency of the process, was his tenant, rightfully in possession and entitled to maintain trespass against the defendant for breach of the plaintiff's possession. The court ordered a verdict for the defendant, and the plaintiff excepted.

*Hibbard, Stone, Barnard,* and *Copeland,* for the plaintiff.

*Whipple* and *Pike,* for the defendant.

FOSTER, J. The recognizance of this plaintiff, in the landlord and tenant proceeding, did not affect the rights of the parties established by the foreclosure of the defendant's mortgage. The acknowledgment of an obligation to pay rent in case a tenancy shall be found to exist, cannot be regarded as an admission that a tenancy exists. Whatever might ordinarily be the effect of such recognizance in a case where the existence of the tenancy is a disputed question, it cannot have the effect which the plaintiff claims, in a case where it is admitted that the relation of landlord and tenant does not in fact exist, and where the defendant's possession, under judgment of foreclosure, precludes the possibility of the trespasses alleged.

*Judgment on the verdict.*

BINGHAM, J., did not sit.